**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON LEVI CARSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-722-JAR |
| | ) | |
| DAVID VANDERGRIFF, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This Court previously ordered petitioner to demonstrate why his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus should not be dismissed as time-barred, and petitioner has now responded. The Court has reviewed and considered petitioner's response and has determined that the petition should be summarily dismissed.

### Background

Petitioner was charged with a class D felony of possession of a controlled substance. *See State v. Carson*, Case No. 17BT-CR01665-01 (36th Jud. Dist., Cir. Ct. of Butler Cty.). On July 24, 2018, he pled guilty. On the same date, petitioner was sentenced to ten (10) years' imprisonment in the Missouri Department of Corrections ("MDOC"). The court suspended the execution of his sentence and placed him on supervised probation for a period of five years. Petitioner did not file a direct appeal.

Petitioner subsequently confessed to violating the terms of his probation. On August 13, 2019, the circuit court ordered the execution of his ten-year sentence. On August 16, 2019, petitioner was delivered to the custody of the MDOC.

On July 29, 2019, petitioner filed a self-represented motion to vacate, set aside or correct

the judgment or sentence pursuant to Missouri Supreme Court Rule 24.035. *See Carson v. State*,

Case No. 19BT-CV01927 (36th Jud. Dist., Cir. Ct. of Butler Cty.). Petitioner was appointed

counsel. On September 26, 2019, petitioner, with counsel, filed a motion to declare Form 40 as

timely filed or alternatively to excuse the late filing. On November 26, 2019, after a hearing, the

state court denied relief holding, in pertinent part:

> Rule 24.035(b) now provides that if no appeal is taken, the motion [to vacate] shall
> be filed within 180 days of the date the sentence was entered. As Movant filed his
> *pro se* motion in excess of one year after he was sentenced, the motion was
> untimely. The failure to timely file a Rule 24.035 motion constitutes a complete
> waiver of any right to proceed with the postconviction motion.
>
> However,
>
>> There are three recognized exceptions to the time limits
>> under Rule 24.035(b): (1) When the motion was timely delivered to
>> the court, but the court lost or misfiled the motion; (2) when post-
>> conviction counsel abandoned the movant, i.e., acted improperly or
>> failed to act to the movant's detriment; and (3) in very rare
>> circumstances where an improper filing, caused by circumstances
>> beyond the control of the movant, justified a late receipt of the
>> motion by the proper court.
>
> Movant did not prove by the preponderance of the evidence that the court lost or
> misfiled his motion; neither did he prove that his motion counsel abandoned him.
> His late filing is not excused under exceptions (1) and (2) above.
>
> As to exception (3), Movant alleges that the 180-day limit for filing his
> postconviction motion was pre-empted by federal law and the motion was timely
> under federal law; that his motion was filed prematurely and thus timely; that his
> plea attorney refused to furnish a Form 40 to him; and that he was denied the
> assistance of a notary while he was in the county jail.
>
> The court finds that federal law did not cause the motion to be timely, and that his
> motion was not filed prematurely. The written advice about Rule 24.035 signed by
> Movant stated that he could obtain the Form 40 from the circuit clerk, but he did
> not request the Form from the clerk even though he was not in jail nor otherwise
> precluded from obtaining the Form. He did not prove that he was denied the

assistance of a notary at the county jail. He did not show any rare circumstances where the improper filing, caused by circumstances beyond his control, justified the late receipt of the motion by the court.

In addition, there is a limited exception in which an untimely motion will be excused when the circuit court misinforms a defendant about the appropriate deadline to file the motion during the sentencing colloquy. This exception does not apply to Movant as he was furnished a written statement correctly stating the correct deadline.

*See Carson*, Case No. 19BT-CV01927 (internal citations omitted); ECF No. 1-3.

Petitioner filed an appeal of the above decision on December 13, 2019. The appeal was denied, and the Missouri Court of Appeals of the Eastern District issued its mandate on May 1, 2020. *See Carson v. State*, No. SD36477 (Mo. Ct. App. E.D.).

Petitioner filed the instant application for writ of habeas corpus under 28 U.S.C. § 2254 on June 1, 2021, which is the date he placed it in the prison mail system. On June 24, 2021, the Court reviewed petitioner's application and determined that it appeared to be untimely. The Court explained:

Petitioner did not appeal from his sentence entered on July 24, 2018. Pursuant to Missouri Supreme Court Rule 30.03 a conviction and sentence becomes final with the expiration of the ten-day period for filing a notice of appeal. Because petitioner did not appeal, his judgment became final under § 2244(d)(1)(A) on August 2, 2018, and the limitations period began to run.

Because the Butler County Circuit Court denied petitioner's Rule 24.035 motion as untimely, the motion did not toll the limitations period during its pendency. *See* § 2254(d)(2); *Pace*, 544 U.S. at 413. The limitations period, therefore, expired on August 2, 2019, well before petitioner filed the instant petition for writ of habeas corpus.

ECF No. 4 at 4. The Court then directed petitioner to show cause why his petition should not be dismissed as untimely.

## Discussion

On August 2, 2021, petitioner filed his response to the Court's show cause order. ECF No. 5. Petitioner argues his petition for habeas corpus relief is not time-barred for the following reasons: (1) the circuit court should not have found his postconviction motion untimely because the 180-day period started on the day he was delivered to the MDOC, not the date of his sentencing; and (2) any delay he had in filing a timely postconviction motion was due to the ineffective assistance of his motion counsel and the lack of assistance from a notary in the county jail

Petitioner's argument as to when a post-conviction motion must be filed is incorrect. Petitioner erroneously cites to the previous version of Rule 24.035(b), which provided, in relevant part, "[i]f no appeal of such judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." Rule 24.035(b) was amended, effective January 1, 2018. The current version states that "[i]f no appeal of such judgment or sentence is taken, the motion shall be filed within 180 days of *the date the sentence is entered*." Rule 24.035(b) (emphasis added); Missouri Court Rules (2020).

Here, petitioner was sentenced on July 24, 2018, and he filed his postconviction motion the following year on July 29, 2019. The current version of Rule 24.035(b) applies to the case at bar because petitioner's sentence was imposed *after* the effective date of the amendment. *See* Rule 24.035(m) ("postconviction relief shall . . . be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 2017, whichever is earlier"). "[T]he date that a defendant is taken into custody by the [Department of Corrections] is no longer used to calculate whether a motion is timely filed under Rule 24.035(b)." *Miley v. State*, 559 S.W.3d 97, 99 (Mo. Ct. App. 2018). Because petitioner was required to file his Rule 24.035 motion 180 days from the

4

date his sentence was entered, or January 22, 2019, the motion court appropriately determined his motion was untimely.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Under 28 U.S.C. § 2254(d)(1)(A), a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file an application for a writ of habeas corpus. Such time may be tolled "during which a properly filed application for State post-conviction . . . is pending." § 2254(d)(2). A petition denied by a state court as untimely is not "properly filed" for purposes of § 2254(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). *See also Runyan v. Burt*, 521 F.3d 942, 944-45 (8th Cir. 2008) ("an application is 'properly filed' when its delivery and acceptance *are in compliance with the applicable laws and rules governing filings*.") (emphasis in original). Because petitioner's Rule 24.035 motion did not comply with state law, it was not a "properly filed" application under § 2244(d)(2) and the one-year limitations period for filing a habeas corpus action cannot be tolled. *See Runyan*, 521 F.3d 944-45.

Petitioner additionally argues that this Court should find his postconviction motion timely because his motion counsel was ineffective, and a jail notary failed to assist him. Petitioner raised these same arguments in state court, the state court rejected them, and the appellate court affirmed on appeal. *See supra* pp. 2-3; *Carson v. Missouri*, Case No. 19BT-CV01927 (36th Jud. Dist., Cir. Ct. of Butler Cty.); *See Carson v. State*, No. SD36477 (Mo. Ct. App. E.D.).

Whether an exception to post-conviction time limitations applies is an issue of state law and this Court is bound by the state court's determination. *See Oglesby v. Bowersox*, No. 4:06-

CV-1482-CAS, 2010 WL 575747, at *4 (E.D. Mo. Feb. 11, 2010) ("When a post[-]conviction petition is untimely under state law, 'that [is] the end of the matter for purposes of § 2244(d)(2).").
As such, the Court cannot find that petitioner's arguments relating to the ineffectiveness of motion counsel or the delay from a jail notary are appropriate grounds for excusing an untimely filed postconviction motion.

Petitioner did not appeal from his sentence entered on July 24, 2018. As discussed above, because the circuit court denied his Rule 24.035 motion as untimely, the motion did not toll the one-year limitations period for filing a petition for writ of habeas corpus. Consequently, his conviction and sentence became final ten days after the judgment was entered on August 2, 2018. Petitioner had until August 2, 2019 to file his petition for writ of habeas corpus. Thus, the instant petition, filed on June 1, 2021 is untimely.

Petitioner's § 2254 petition, therefore, must be dismissed as untimely filed under the provisions of 28 U.S.C. § 2244(d)(1)(A).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED** and **DISMISSED** without prejudice as untimely. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this ___ day of August, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

6